

ORDERED in the Southern District of Florida on June 28, 2012.

        **Paul G. Hyman, Chief Judge**
        **United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In Re:                                                                                      Case No.  10-41156-PGH
                                                                                       Chapter 11

R. BRADFORD ENGELHARDT,

                Debtor.                 /

### ORDER CONFIRMING DEBTOR'S PLAN OF REORGANIZATION

THIS MATTER came before the Court on March 27, 2012 at 9:30 am (the "**Hearing**") upon the Amended Plan of Reorganization of R. Bradford Engelhardt (the "**Plan**") [DE#251], proposed by R. Bradford Engelhardt (the "**Debtor**" or "**Proponent**").

In connection with the confirmation of the Plan, the Court has reviewed and considered the: (i) Certificate on Acceptance of Plan and Tabulation of Ballots [DE#284]; and the (ii) Confirmation Affidavit of Debtor [DE#283].  The Court has also reviewed and considered the

entire record in this Chapter 11 case, as well as proffers made by Debtor's counsel at the Hearing.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.     The Plan was properly served upon all creditors and parties in interest pursuant to the Bankruptcy Rules and the Court's Order (I) Approving Disclosure Statement; (II) Setting Hearing On Confirmation Of Plan; (III) Setting Hearing On Fee Applications; (IV) Setting Various Deadlines; And (V) Describing Plan Proponent's Obligations (the "**Order Approving Disclosure Statement**") [DE#254];

B.     The provisions of Chapter 11 of the Bankruptcy Code have been complied with and the Plan has been proposed in good faith and not by any means forbidden by law; and

C.     Votes to accept or reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules and the Order Approving Disclosure Statement;

D.     With respect to each impaired class of claims or interests, each holder of a claim or interest has accepted the Plan, or will receive or retain under the Plan on account of such claim or interest property of a value, as of the Effective Date[1] of the Plan, that is not less than the amount such holder would receive or retain if the Debtor's estate were liquidated under Chapter 7 of the Bankruptcy Code on such date;

E.     At least one class of claims impaired under the Plan has accepted the Plan, not including the acceptance of the Plan by any insiders;

F.     The Debtor has solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of Chapter 11 of the Bankruptcy Code;

---

[1] All capitalized terms shall have the meaning ascribed to them under the Plan.

G. The Plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the Plan, if any;

H. The confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the debtor under the Plan, unless such liquidation or further reorganization is proposed in the Plan;

I. The Debtor has met the burden of proving the elements of §1129 of the Bankruptcy Code by a preponderance of evidence; and

J. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933, as amended.

THEREFORE, BASED UPON THE FOREGOING, IT IS **ORDERED** AND **ADJUDGED** AS FOLLOWS:

1. The Plan is **CONFIRMED** pursuant to 11 U.S.C § 1129.

2. All of the terms and provisions of the Plan are approved, subject to any modifications listed in this Confirmation Order.

3. The provisions of the Plan and this Confirmation Order are binding on the Debtor, each creditor, and every other interested party.

4. The Debtor shall pay a lump sum distribution of $10,000 *pro rata* to general unsecured creditors, as set forth in the Plan.

5. The Debtor shall pay a lump sum distribution to the following Creditors for Class 1 claims secured by real property taxes, as opposed to the payment amounts set forth in the Amended Disclosure Statement [DE#252] for those same Creditors :

| Creditor | Amount | Basis |
| --- | --- | --- |
| Palm Beach County Tax Collector | $0.00 | 2009 Real Estate |

|  | Folio No. 70-43-44-17-54-001-2460<br>246 Lake Arbor Dr. | Taxes |
|---|---|---|
| Palm Beach County Tax Collector | $1,966.09<br>Folio No. 70-43-44-17-54-001-2760<br>369 Lake Arbor Dr. | 2010 Real Estate Taxes |
| Palm Beach County Tax Collector | $1,966.09<br>Folio No. 70-43-44-17-55-001-3690<br>369 Lake Arbor Dr. | 2010 Real Estate Taxes |
| Palm Beach County Tax Collector | $1,853.27<br>Folio No. 70-43-44-17-54-001-2460<br>246 Lake Arbor Dr. | 2010 Real Estate Taxes |
| Palm Beach County Tax Collector | $6,379.08<br>Folio No. 34-43-44-17-59-000-0400<br>7660 Nemec Drive S. | 2010 Real Estate Taxes |

All other payments to Creditors for Class 1 secured claims secured by real property taxes are unchanged as set forth in the Amended Disclosure Statement [DE#252].

6. With respect to Class 21, the Debtor shall pay the total post-petition arrearage amount of $7,509.36 in equal monthly installments, without interest, over a period of two years. The Debtor shall pay the prepetition arrearage listed in Proof of Claim No. 14 in the amount of $10,920.46 in equal monthly installments, without interest, over a period of 3 years. All payments shall commence on the 15th of the month following the Effective Date.

7. With respect to Class 11, the property shall be valued at $68,000. The Debtor shall cure $3,040.74 in post-petition advances by the creditor within 60-months of the Effective Date, in equal monthly payments.

8. With respect to Class 12, the Debtor shall cure $4,896.75 in post-petition advances by the creditor within 60-months of the Effective Date, in equal monthly payments.

9. With respect to Class 13, the Debtor shall cure $3,040.74 in post-petition advances by the creditor within 60-months of the Effective Date, in equal monthly payments.

10. With respect to Class 6, the Debtor shall cure $3,040.74 in post-petition advances by the creditor within 60-months of the Effective Date, in equal monthly payments.

11. As of the Effective Date, creditors of Classes 23, 23, and 25 shall be entitled to relief from the automatic stay, in the event of a post-Effective Date default, solely to pursue *in rem* remedies.

12. As of the Effective Date, all property of the bankruptcy estate shall re-vest in the Reorganized Debtor, R. Bradford Engelhardt.

13. To the extent applicable, any executory contract or unexpired lease that was not assumed pursuant to a prior Order of the Court, or is not assumed pursuant to paragraph 6.01(a) of the Plan, is rejected.

> **ANY PROOF OF CLAIM FOR DAMAGES ARISING FROM THE REJECTION OF ANY EXECUTORY CONTRACT OR UNEXPIRED LEASE PURSUANT TO THE PLAN AND THIS ORDER MUST BE FILED WITH THE COURT WITHIN 30 DAYS OF THE ENTRY OF THIS ORDER.**

14. The failure to reference or address all or part of any particular provision of the Plan herein shall have no effect on the validity or binding effect of such provision. To the extent that any inconsistencies exist between the terms of the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

15. The Debtor is authorized to execute any and all documents reasonably required to effectuate the provisions of the Plan or prior orders of the Court.

16. The Debtor shall pay to the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) within fourteen (14) days of the entry of this Order for pre-confirmation periods, and simultaneously provide to the United States Trustee an appropriate affidavit indicating the cash disbursements for the relevant period; and the reorganized Debtor shall further pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) for post-confirmation periods within the time period set forth in 28 U.S.C. §1930(a)(6), based upon all post-confirmation disbursements made by the reorganized Debtor until the earlier of the closing of this case by the issuance of a Final Decree by the Court, or upon the entry of an Order by this Court dismissing this case or converting this case to another chapter under the United States Bankruptcy Code, and the party responsible for paying the post-confirmation United States Trustee fees shall provide to the United States Trustee upon the payment of each post-confirmation payment an appropriate affidavit indicating all the cash disbursements for the relevant period.

17. Furr and Cohen, P.A. is named as disbursing agent without additional compensation; bond is waived; the disbursing agent is directed to make all first installment payments on the effective date of the Plan.

18. The Court will conduct a post-confirmation status conference on December 18, 2012, at 9:30 a.m., at 1515 North Flagler Drive, Eighth Floor, Courtroom A, West Palm Beach, Florida, to determine (i) whether the debtor has complied with the provisions of this Order, and (ii) whether the disbursing agent and the plan proponent have timely filed the required Final Report of Estate and Motion for Final Decree Closing Case.  At the status conference, the Court will consider the propriety of dismissal or conversion to Chapter 7, and/or the imposition of sanctions against the debtor and/or the debtor's disbursing agent for failure to timely file the

Final Report of Estate and Motion for Final Decree Closing Case or for failure to comply with the provisions of this Order.

19.     Pursuant to 11 U.S.C. § 1141(d)(5)(A), the Debtor shall be discharged from all pre-Confirmation debts except as provided in the Plan, pursuant to the procedures set forth herein, upon completion of all payments required under the Plan to Class 26 creditors, as well as administrative and priority claimants. Upon the satisfaction of all payments to the creditors referenced above in this paragraph, the Reorganized Debtor shall file a Final Report of Estate and Motion for Final Decree Closing Case on the Court approved local form.

20.     Notwithstanding the above, the Debtor may request that the Court close this bankruptcy proceeding prior to entry of an Order of Discharge, upon payment of the initial payment under this Plan, payment of all outstanding quarterly United States trustees Fees, and the filing of any outstanding federal income tax returns.

21.     The Court shall retain jurisdiction to determine all disputes concerning the Debtor's implementation of the Plan and the terms of this Order.

###

**Submitted by:**
Aaron A. Wernick, Esq.
Furr & Cohen, P.A.
2255 Glades Road, Suite 337W
Boca Raton, FL 33431
(561) 395-0500 (telephone)
awernick@furrcohen.com

*Aaron A. Wernick, Esq. is directed to furnish a conformed copy of this order to all appropriate parties immediately upon receipt of same and file a certificate of service with the court.*